The first speaker is United States v. Browning. Ashok Chandran Good afternoon, Your Honors, and may it please the Court. Ashok Chandran from the Federal Defenders here on behalf of Kareem Browning. In imposing a special condition of supervised release that requires Kareem Browning to submit all of his electronic communications to search upon reasonable suspicion rather than probable cause, the district court here was explicit about its sole reason. And I'll quote, the reason for that special condition is the existence of a gun in this case. Absent that, there would probably be no reason. This Court's precedents are clear that that reason was legal error, because the presence of a firearm isn't sufficiently individualized, nor does it bear any rational relationship to the electronic search condition. Kennedy Well, can I ask you, I know that it came out after you wrote your reply brief, but could you address what we said in Thompson? Ashok Chandran Of course, Your Honor. So I think Thompson Kennedy It strikes me as inconsistent with your argument, but maybe not. Ashok Chandran I don't believe Thompson is inconsistent with our argument, Your Honor, and that's for a couple of reasons. First, Thompson on plain error review said that this Court should look to both the nature and extent of past recidivism, and in that case, of course, the Court was addressing sex crimes. Kennedy Wait. Say that again? Ashok Chandran Thompson said that this Court should look to the nature and extent of past criminal history. Kennedy Is it that we should, or that the district court was allowed to? Ashok Chandran The district court is permitted. I'm sorry. Kennedy Because those are two very different propositions, right? Ashok Chandran Of course. The district court is allowed to look to the nature and extent of prior criminal history. Kennedy That's what the Court did in that case, right? Ashok Chandran It is. And in that case Kennedy And it did not need to look to the nature of the prior offenses to determine whether an electronic search condition was required, specifically electronic as opposed to the house or the car. Ashok Chandran I think that in Thompson, the Court said that it didn't need to look to whether an electronic device was used in the past cases, but it did say the nature and extent of prior offenses. Kennedy But isn't that a way to understand what the district court said about the gun? So if we have case law that says you can have this kind of reasonable suspicion, search condition if the defendant has a history of recidivism and not following the conditions of supervised release, when the district court says, I think the presence of the gun is important, why should we understand that as saying, well, he has a history of recidivism and not following the conditions of supervised release, and it's especially serious because they're firearms offenses that are his past history. Like, don't those things fit together? Ashok Chandran Well, I think in this case the district court actually said the opposite of that, Your Honor, which is that absent the presence of a firearm in this case, there would be no reason for the condition. And I think that Kennedy Well, then maybe the criminal history would not be as serious, right? Ashok Chandran I don't think with respect to the presence of a firearm in this case, which is what the district court's comments were about, I don't know how that would affect the criminal history. But I think going back to the Thomson inquiry. Kennedy I'm a little confused by that. Why is it problematic for a district court to say, I'm worried that this guy needs supervision because there was a gun involved in this case, which seems an obvious observation to say, you know, he sounds pretty dangerous, he needs more supervision. And for a court to then say, and honestly, if it weren't a gun, I probably wouldn't think he was so dangerous. How is that not individualized to this case? I mean, he's talking about this guy who had a gun. Ashok Chandran Well, Your Honor, I think justifying an electronic search condition based on the presence of a firearm wouldn't necessarily make the condition appropriate in any case involving a firearm. Kennedy Well, then let me back up here for a second. Because we said, I thought in Thomson, that once you've got a reasonable search condition is justified, we are not going to parse exactly what is covered by that, meaning the car or the house or the electronic devices or the computers. That the whole premise of a reasonable search condition is that the district court will allow probation to search something if two conditions are satisfied. One, there's reasonable suspicion that a violation of the supervisor's release has been committed, of whatever sort. And two, that there is reasonable suspicion to believe that evidence of that violation is going to be found in whatever the thing is. Ashok Chandran Of course, Your Honor. Kennedy So it's a self-limiting condition. So how do you deal with the fact that in Thomson, we said, you don't need a particularized tie in advance, ex ante, to, oh, I can already predict that phones are going to be a problem or cars are going to be a problem. It's just enough to say, I have a basis as a district court to impose a reasonable search condition. Ashok Chandran Your Honor, I think we're not arguing in this case about narrow tailoring of the search condition. We're arguing that the electronic component of it wasn't justified by anything in the record. And that's, I think, Thomson. Kennedy No, and my point is that Thomson seems to say you don't need to justify the electronic portion of it. You don't need to justify the particular sites that are going to be covered by the search condition as long as you justify the overall search condition. And that's what Thomson says. Ashok Chandran Your Honor, I read Thomson a little bit differently and Thomson Kennedy Yeah, I think you read it because that's kind of curious. Ashok Chandran So I think Thomson is a case where the court specifically said the history of recidivism and the nature of the past crimes was what gave rise to the justification for the condition. And there the Kennedy For the overall search condition. Ashok Chandran For the overall search condition, but as relevant here, Thomson was a case where the criminal history at issue involved a number of sex offenses, particularly first degree rape convictions. And the guidelines in 5D1.3 do make clear that an electronic search condition or a search that includes an electronic component is presumptively appropriate in those cases. And as this court said in Sims, with respect to the 5D1.3 conditions, you don't need to do further individualized assessment because once a certain precondition is there, a condition is presumptively appropriate. Ashok Chandran If there's a sex offense, you can presume that it makes sense to search the electronic devices? Kennedy That's what the sentencing commission has said, Your Honor. Ashok Chandran Well, so then why couldn't the district court say, you know, based on what's in the record, that oftentimes you obtain illegal firearms through electronic devices, that it also makes sense for those kinds of crimes? Kennedy Well, Your Honor, I think that's exactly the kind of generality that this court rejected in Deutsch and Alvarez. Ashok Chandran But the agency could have that kind of generality for sex crimes? Kennedy I think because the sentencing commission has chosen to draw the distinction between sex crimes and other kinds of offenses. Ashok Chandran So the sentencing commission can say that, based on the nature of the offense, you can, it authorizes a certain kind of condition, but a district court is powerless to do that unless the sentencing commission first tells it it should? Kennedy I don't know what the outer part of that           would be, Your Honor, but again, just pointing this court back to Deutsch and Alvarez, in Deutsch this court addressed a district court justification that was quite similar to the one that you just posed, Judge Menasche, where the district court said that the likelihood that drug-related offenses, that drug offenders were likely to recidivate, and they were likely to use their phones to do it, made the condition appropriate. And this court struck the condition regardless. So I think the fact that... Ashok Chandran So the conditional condition is the existence of a gun in this case. Absent that, there would probably be no reason. You're interpreting that as a categorical statement shorn of any consideration of the rest of the record, but it could just as easily, to my mind, and maybe I'm missing something in reading the transcript, but say I looked at everything, and with that addition of the gun, we're going to need this search condition. I mean, if you were to say, this defendant has committed crimes while on supervised release. I suppose that's also sort of categorical. If you then say, he's committed crimes while on supervised release, I think we better have a search condition. Judge Menasche Your Honor, I think what distinguishes this case is that here the district court specifically said, absent the presence of a gun, there would be no need for it. Even after the district court had clearly considered Mr. Bannock's criminal history, the fact of his parole, every other factor that the government has cited here. And even despite all of that, the district court did say that absent the presence of a firearm, there would be no need for the electronic component of the search condition here. I mean, there are just two ways to understand that. One is, I think whenever there's a firearm present, I'm going to impose this condition. The other one might be, taking into account his particular criminal history, I think the thing that makes it especially serious is the firearm. And so therefore, I am making individualized determination because of his particular use of a firearm that is justified. Why do we need to read it one way or the other? Don't we normally say we would make inferences in favor of the district court's discretion? I think the more natural read is the former, but of course, if there is ambiguity around what the court meant, we could just remand the matter for further explanation by the district court. So if the district court had said that, if the district court said, you know, the Second Circuit has said that I can have this condition when there's a history of recidivism and not following the conditions of supervised release, and I also take account of the criminal history here. The criminal history involves a firearm, which I think is particularly serious. And for that reason, I'm imposing the same condition. That would be adequate. I think that would be a very different case than this one, Your Honor. But I think in this case where the district court said that the only reason for the condition was the presence of a firearm in this case, that reason necessarily would be equally applicable to a host of other federal offenses, like 922G and 924C violations, which makes this a different case. My time's up. Thank you, Your Honor. We'll hear from the government. Good afternoon, Your Honors, and may it please the Court. My name is Sean Fearn, and I am an assistant U.S. attorney for the Eastern District of New York. In this case, the district court did not err in imposing the challenge special condition because it reasonably found that an armed Hobbs Act robber committed by a recidivist with a history of violating the terms of his supervision justified it. As the court below put it, the reason for that special condition is the existence of a gun in this case. The court's reasoning was clear. In light of the defendant's history and characteristics in this case, meaning the defendant's individual case, which, like in Lawrence, included the adopted PSR. You're saying, because the district court said the presence of the gun in this case, the phrase in this case, means all of the individualized circumstances of the case? Well, this Court has never adopted a specific word limit in sort of justifying its rationale or saying what it meant. So if the district court had said, putting aside all of the individualized circumstances of the case, I believe that this condition is justified whenever there's a firearm involved. And for that reason, I'm opposing the condition. Would that be adequate? It would be. That's not what happened in this case. It would or wouldn't be.  It would. It would not. It would. It would be adequate. I believe so, because given the circumstances in a case like a Hobbs Act robber committed by multiple co-conspirators, committed by, again, with a gun, and as the government proffered during sentencing, a felon in possession of a gun typically Yeah, but now you're talking about individualized circumstances. My question was, if the district court, in fact, expressed the belief that whenever there is a firearm involved in the commission of a crime, there should be a reasonable search condition. Would that be okay? I don't think so, but that's not what happened here in this case. In this case, preceding the imposition of the special condition of supervised release, the Court took notice of the defendant's criminal history and violent past, including his inability to abide by the terms of his supervision. He also adopted the PSR. So, I get the way you interpret what the district court said, the way defense counsel was suggesting, that it was just based on the presence of the firearm. But you're saying, because the district court took account of all the individualized circumstances, we should understand its comment to be the presence of the gun in light of all the circumstances. I believe that's the case. Again, in similar cases, this Court has affirmed the imposition of a similar special condition given a very sparse and brief adoption or justifications. For instance, in Thompson, the district court said that given the nature and circumstances of the offense, it was sufficient. In Lawrence, the district court said that the condition seems appropriate. In Fords, the district court said that it was warranted based on the defendant's conduct. There was much more to the district court's justification, and yet this court affirmed the imposition of the special condition of supervised release. So, that's true. So, normally, when the reason for the condition is evident in the record, we say that that's enough, right? But in those cases, as you just presided, the district court doesn't really specify the reason. The district court just sort of says, under the circumstances, it's allowed. So, we look at the record and see what the reason would be. But here, the district court did specify a reason, right? It did. And, Your Honor, I think there's plenty of justification for why the existence of a gun in this case justifies the imposition of a special condition. First, there's a specific recidivism risk tied to the illegal possession of guns. It reflects a pattern of dangerousness on the part of the defendant. And this special condition gives probation an affirmative, forward-leaning, forward-looking tool to ensure that an illegal gun possessor does not try or seek to possess or acquire illegal guns. Second, as the government proffered during the sentencing colloquy, firearms are illegally procured in the government's experience through social media, electronic devices. And, again, that justifies the imposition of the special condition of superjudice. Third, it's less restrictive than other special conditions that this Court has vacated. For instance, a search condition that's not based on reasonable suspicion, but is based on nothing more than an inkling that probation wants to search someone's devices. And fourth, the special condition in this case provides individual specific deterrence to a defendant who may think twice about going to seek to procure illegal guns because he knows that his probation officer, based on reasonable suspicion, can go and search his phones. And then he could be on the other side of a violation of supervised release. Thank you, judges. Thank you, Your Honor. I'd just like to start quickly where we left off, where my colleague was speaking. The cases that my colleague has cited are all, as Judge Monash noted, cases involving sparse or inadequate reasoning by the district court, whereas here we're in a different situation where the district court provided a specific and legally erroneous reason for the condition. Right. So if the district court doesn't give a reason, we can look at the record to infer what the reason would be. If the district court said something like, I don't care about individualized circumstances, I just apply this condition whenever there's a gun, it would be sort of hard for us to infer from the record that the real reason was something other than what the district court said. But if we have a case where it's possible to read what the district court said to be consistent with what we see in the record, why shouldn't we read it that way? I think the more natural read of the sentence, Your Honor, on its own terms, is that the district court was focusing on the one factor it said, the presence of a firearm in this case, and absent that one factor, there would be no reason for the condition. Maybe if you look at that sentence in isolation. But if what we're looking, reading the transcript, was there individualized consideration here? There was a lot of individualized consideration here. There's exploration of Mr. Browning's violent, traumatic childhood. That's explored at some length in saying why the court is going to vary downwards. He's also, though, focused on the need to provide specific deterrence. And then the record tells us a lot of reasons why that's reasonable in this case. He's committed crimes while on supervision. He committed this crime while on supervision. So that suggests there might be a need for a closed supervision. So it seems like if we focus just on that sentence, we're really asking something pretty dramatic of the district court, that we're going to word game them as to what they did in sentencing proceedings. So tell me what I'm missing. Your Honor, I just disagree with that because I think the fact that the district court conducted the individualized assessment into the nature of Mr. Browning's history, his upbringing, his criminal history as well, only makes it more prominent that the district court said, absent the presence of a firearm in this case, there would be no reason for the electronic search condition, making clear that the district court was well aware of the nature of Mr. Browning's prior crimes, the nature of his recidivism risk, all of that, and still said without the presence of the firearm, there wouldn't be a need for an electronic search condition. And I think that's why this court defers to district courts and affords them broad latitude in assessing how a defendant's criminal history or risk of recidivism factors into the imposition of conditions. Thank you both. And we will take the matter under advisement.